**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| DAVID J. GOEHST, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-03335 |
| PAYPAL, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes DAVID J. GOEHST ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PAYPAL, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Bankruptcy Discharge Injunction ("Discharge Injunction") pursuant to 11 U.S.C. § 524, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1367, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

**PARTIES**

4.   Plaintiff is a natural person over 18 years-of-age residing in Howard County, Indiana, which is located within the Southern District of Indiana.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is corporation organized under the laws of the state of Delaware that processes online money transfers. Defendant's registered agent is The Corporation Trust Company, located at 1209 Orange Street, Wilmington, Delaware 19801.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**BANKRUPTCY CASE**

9.   Several years ago, Plaintiff utilized Defendant's services to transfer money electronically.

10. Plaintiff was unable to keep up with timely payments in connection with his account with Defendant, thus he incurred debt ("subject debt").

11. Due to financial hardship, on February 15, 2016, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Southern District of Indiana, Case Number 16-00737-RLM-7 ("bankruptcy").

12. Schedule E/F of the bankruptcy petition contained the subject debt, and further listed Defendant as an entity to be provided with notice regarding the subject debt.

13. On February 15, 2016, the Bankruptcy Noticing Center ("BNC") served Defendant with notice of Plaintiff's Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines.

14. On May 14, 2016, the Bankruptcy Court entered an Order of Discharge in Plaintiff's bankruptcy case of all dischargeable debts, including the subject debt.

15. The Order of Discharge expressly stated:

> "This discharge prohibits any attempt to collect form the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor . . . A creditor who violates this order can be required to pay damages and attorney's fees to the debtor."

16. Defendant was served with the Order of Discharge on May 14, 2016.

17. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debt by Defendant.

18. Plaintiff's personal liability on the subject debt was extinguished via his bankruptcy discharge, thus terminating any business and contractual relationship Plaintiff may have had with Defendant or any subsequent owners of the subject debt.

### DEFENDANT'S POST-DISCHARGE COMMUNICATIONS

19. On or around October 8, 2018, Plaintiff began receiving calls to his cellular phone, (765) XXX-7205, from Defendant seeking to collect on the subject debt.

20. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 7205. Plaintiff is and has always been financially responsible for the cellular phone and its services.

21. Defendant mainly uses the phone number (877) 981-2152 when placing phone calls to Plaintiff's cellular phone.

22. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its debt collection activity.

23. During answered calls, Plaintiff was subjected to a noticeable pause, having to say "hello" several times, before being connected to a live representative.

24.  Accordingly, Plaintiff informed Defendant that the subject debt was discharged through bankruptcy and demanded that Defendant cease contacting him.

25.  On at least one occasion, Defendant informed Plaintiff that it was using an "auto-dialer" to contact him.

26.  On at least one occasion, Defendant told Plaintiff that it would remove his account from collections because it recognized that the subject debt was discharged through bankruptcy.

27. Despite Plaintiff's pleas and Defendant's promise to remove his account from collections, Defendant has placed not less than 30 phone calls to Plaintiff's cellular phone after the subject debt had been discharged and up until the filing of the instant action.

<b>DAMAGES</b>

28. Plaintiff suffered from emotional distress due to Defendant's unlawful attempts to collect the discharged subject debt as he was led to believe that his bankruptcy had no legal effect. The phone calls were highly confusing to Plaintiff.

29. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the discharged subject debt.

30. Concerned about the violations of his rights and protections afforded by his bankruptcy discharge, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

<b><u>COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u></b>

31.  Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32.  The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.

33. The TCPA, pursuant to 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

34.  Defendant used an ATDS in connection with its communications directed towards Plaintiff.  The noticeable pause, lasting several seconds in length, which Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used.  Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS is being utilized. Moreover, Defendant was using an ATDS based on its admission to Plaintiff that it was using an "auto-dialer" to contact him.

35.  Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent.  Defendant never had consent to contact Plaintiff as the subject debt was discharged in Plaintiff's bankruptcy, for which Defendant received notice. In addition, any consent that Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting him.

36. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

37.  Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).  Ceaselessly contacting an individual is willful and knowing behavior, especially since Plaintiff notified Defendant multiple times to stop contacting

him. Defendant was notified of the subject debt being discharged in Plaintiff's bankruptcy. Moreover, Plaintiff notified Defendant to stop contacting him.  Defendant did not have a legal right to contact Plaintiff, but its conduct exemplifies that Defendant will attempt to extract payment out of innocent consumers.

WHEREFORE, Plaintiff, DAVID J. GOEHST, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from placing any more phone calls to Plaintiff's cellular phone;

c. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE DISCHARGE INJUNCTION

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

### a. Section 11 U.S.C. § 524(a)(2)

39. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

40. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." Cox v. Zale Delaware, Inc., 239 F.3d 910, 915 (7th Cir. 2001).

41. Punitive damages may be awarded for violations of the bankruptcy discharge, and are especially appropriate when a party acts in "clear disregard and disrespect of the bankruptcy laws." In re Vazquez, 221 B.R. 222, 231 (Bankr. N.D. Ill. 1998). Punitive damages of four to ten times

the amount of compensatory damages may be appropriate for willful violations of the bankruptcy injunction. *Id.*

**b. Defendant's conduct was perpetual, willful, and wanton**

42. Defendant violated the discharge injunction by willfully attempting to collect the subject debt with actual notice of Plaintiff's bankruptcy and the discharged status of the subject debt.

43. Defendant received written notice of Plaintiff's bankruptcy discharge by the BNC.

44. Defendant then attempted to unlawfully collect upon the discharged subject debt by placing collection calls to Plaintiff's cellular phone.

45. Defendant should have implemented procedures and trained its employees in order to discourage and also prevent willful and wanton violations of the Bankruptcy Code.

46. Defendant's conduct demonstrates that it has no such system in place to protect the rights of innocent consumers under the protection of the Bankruptcy Code.

47. Based on the broad language of the Bankruptcy Code, Defendant willfully sought to collect a debt from Plaintiff in violation of the discharge injunction, thus warranting sanctions and punitive damages to deter future conduct of a similar nature.

WHEREFORE, Plaintiff, DAVID J. GOEHST, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Hold Defendant in civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

b. Order Defendant to pay Plaintiff for his actual damages, in an amount to be determined by the Court, as a result of the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

c. Order Defendant to pay punitive damages, in an amount to be determined by the Court, for the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

d. Order Defendant to pay Plaintiff his reasonable legal fees and expenses for violations of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105; and

e.  Provide such other and further relief as the Court may deem just and proper.


Dated: October 30, 2018                          Respectfully submitted,

s/ Nathan C. Volheim                             s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                 Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                            Counsel for Plaintiff
Admitted in the Southern District of Indiana     Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                         Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200              2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                          Lombard, Illinois 60148
(630) 568-3056 (phone)                           (630) 581-5858 (phone)
(630) 575-8188 (fax)                             (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                         thatz@sulaimanlaw.com